UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

JOHN THOMAS CHANDLER,            )
                                 )
       Plaintiff                 )
                                 )
vs.                              )    Case No. 4:13-cv-00447-LSC-HGD
                                 )
ALABAMA DEPARTMENT OF            )
CORRECTIONS, et al.,             )
                                 )
       Defendants                )

## **PARTIAL DISMISSAL ORDER**

The magistrate judge filed a report and recommendation on June 18, 2014, recommending that the following claims be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted:

1. Plaintiff's claims against the Alabama Department of Corrections.

2. Plaintiff's claims against defendants in their official capacities for monetary relief.

3. Plaintiff's Fifth Amendment claims.

4. Plaintiff's ADA claims.

5. Plaintiff's RFRA claims.

6. Plaintiff's RLUIPA claims.

7. Plaintiff's First Amendment claims.

8. Plaintiff's conspiracy claims.

9. Plaintiff's Eighth Amendment medical care claims against defendants Corizon Medical Services, Alabama Directors Ken Dover and Larry Linton, Corizon employees Jane/John Doe, Linda Doe, and Jim/Dianne Doe, Nurse Practitioner Anissa Thomas, and Nurse Joseph Guthrey.

10. Plaintiff's Eighth Amendment medical claims against Nurse Sanders and Nurse Cindy Doe concerning medical co-payments.

11. Plaintiff's Eighth Amendment medical care claims against ADOC employees Willa Mitchell, Tracey Williams, and I.C.S. Officer Jeffery Bishop.

12. Plaintiff's Fourteenth Amendment equal protection and due process claims.

13. Plaintiff's claims under Alabama Code §§ 6-2-34, 6-11-20, 14-3-1, 14-3-13, 14-3-30(b) (1975).

14. Plaintiff's state law claims against Corizon Medical Services, Alabama Directors Ken Dover and Larry Linton, Corizon employees Jane/John Doe, Linda Doe, and Jim/Dianne Doe, Nurse Sanders, Caleine Oakes, Nurse Meeks, Nurse Joseph Guthrey, Nurse Practitioner Anissa Thomas, and C.W.G.

15. Plaintiff's state law claims under against ADOC employees Willa Mitchell, Tracey Williams, and I.C.S. Officer Jeffery Bishop.

(Doc. 16.)

The magistrate judge also recommended the following claims be referred to the magistrate judge for further proceedings:

1. Plaintiff's Eighth Amendment medical care claims against Corizon defendants CEO Rich Hallworth, Dr. William Talley, Dr. David Pavlakovic, Nurse Cindy Doe, and Nurse Sue Doe.

2. Plaintiff's state law claims under the Alabama Medical Liability Act against Corizon defendants CEO Rich Hallworth, Dr. William Talley, Dr. David Pavlakovic, Nurse Cindy Doe, and Nurse Sue Doe.

3. Plaintiff's Eighth Amendment medical care claims against ADOC defendants Kim Thomas, Warden Carter Davenport, Deputy Warden Joseph Headley, Deputy Warden Patrice Richie, and Prison Store Supervisor Catrina Willett.

4. Plaintiff's state law claims under Alabama Code §§ 14-3-51, 14-11-13 (1975) against ADOC defendants Kim Thomas, Warden Carter Davenport, Deputy Warden Joseph Headley, Deputy Warden Patrice Richie, and Prison Store Supervisor Catrina Willett.

(*Id.*)

On June 27, 2014, plaintiff filed objections to the magistrate judge's report and recommendation. (Doc. 17). Upon review, plaintiff merely restates the vast majority of his claims in his objections. To the extent plaintiff argues that the magistrate judge failed to consider his claims against defendants in their individual capacities, the same is without merit. The magistrate judge concluded that plaintiff's claims against defendants in their official capacities for monetary relief are barred by the Eleventh Amendment. Although not expressly stated, the remainder of the report and recommendation addressed plaintiff's claims against defendants in their individual capacities.

Additionally, plaintiff objects to the magistrate judge's finding that he failed to establish that he suffered a constitutional violation based on a policy or custom of Corizon. Plaintiff claims he alleged in his complaint that Dr. Talley and Dr. Pavlakovic stated "they" would not provide plaintiff with knee replacement surgery because he was near the end of his sentence. (Doc. 17 at 4). However, plaintiff alleged in his complaint that Dr. Talley told him, "They are not going to give you knee replacement surgery with you having only 22 months before you get out[.] If you had several years remaining, they would probably do it." (Compl. at 16). Plaintiff does not identify whether "they" are employees of Corizon or prison officials who refused to provide plaintiff with the knee surgery. Regardless, plaintiff has failed to specifically show a "persistent and wide-spread practice" or "a practice that is so settled and permanent that it takes on the force of law" to establish Corizon had a policy or practice of denying certain medical surgeries to inmates. *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999).

Plaintiff further objects to the magistrate judge's determination that his Eighth Amendment medical claims against Corizon Alabama Directors Ken Dover and Larry Linton should be dismissed. (Doc. 17 at 4). Plaintiff contends in his objections that he filed "numerous grievances" with defendants Dover and Linton concerning his medical care. (*Id*. at 4.) However, plaintiff did not allege in his complaint that he

sent grievances to defendants Dover and Linton. Rather, plaintiff alleged in his complaint that Dover and Linton are "liable for . . . tortuous [sic] acts" and were "vicariously . . . responsible for the acts and omissions of [their] agents . . . employees, or representatives of Corizon Medical Services . . . ." (Compl. at 33-34). Because plaintiff specifically alleged in his complaint that defendants Dover and Linton were responsible for his medical care only on the basis of vicarious liability, the magistrate judge correctly determined that the claims against defendants Dover and Linton are due to be dismissed.

 Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the magistrate judge's recommendation is ACCEPTED.

 It is therefore ORDERED, ADJUDGED, and DECREED that the following claims be and hereby are DISMISSED pursuant to 28 U.S.C. § 1915A(b):

1. Plaintiff's claims against the Alabama Department of Corrections.

2. Plaintiff's claims against defendants in their official capacities for monetary relief.

3. Plaintiff's Fifth Amendment claims.

4. Plaintiff's ADA claims.

5. Plaintiff's RFRA claims.

6. Plaintiff's RLUIPA claims.

7. Plaintiff's First Amendment claims.

8. Plaintiff's conspiracy claims.

9. Plaintiff's Eighth Amendment medical care claims against defendants Corizon Medical Services, Alabama Directors Ken Dover and Larry Linton, Corizon employees Jane/John Doe, Linda Doe, and Jim/Dianne Doe, Nurse Practitioner Anissa Thomas, and Nurse Joseph Guthrey.

10. Plaintiff's Eighth Amendment medical claims against Nurse Sanders and Nurse Cindy Doe concerning medical co-payments.

11. Plaintiff's Eighth Amendment medical care claims against ADOC employees Willa Mitchell, Tracey Williams, and I.C.S. Officer Jeffery Bishop.

12. Plaintiff's Fourteenth Amendment equal protection and due process claims.

13. Plaintiff's claims under Alabama Code §§ 6-2-34, 6-11-20, 14-3-1, 14-3-13, 14-3-30(b) (1975).

14. Plaintiff's state law claims against Corizon Medical Services, Alabama Directors Ken Dover and Larry Linton, Corizon employees Jane/John Doe, Linda Doe, and Jim/Dianne Doe, Nurse Sanders, Caleine Oakes, Nurse Meeks, Nurse Joseph Guthrey, Nurse Practitioner Anissa Thomas, and C.W.G.

15. Plaintiff's state law claims under against ADOC employees Willa Mitchell, Tracey Williams, and I.C.S. Officer Jeffery Bishop.

It is further ORDERED that the following remaining claims are REFERRED to the magistrate judge for further proceedings:

1. Plaintiff's Eighth Amendment medical care claims against Corizon defendants CEO Rich Hallworth, Dr. William Talley, Dr. David Pavlakovic, Nurse Cindy Doe, and Nurse Sue Doe.

2. Plaintiff's state law claims under the Alabama Medical Liability Act against Corizon defendants CEO Rich Hallworth, Dr. William Talley, Dr. David Pavlakovic, Nurse Cindy Doe, and Nurse Sue Doe.

3. Plaintiff's Eighth Amendment medical care claims against ADOC defendants Kim Thomas, Warden Carter Davenport, Deputy Warden Joseph Headley, Deputy Warden Patrice Richie, and Prison Store Supervisor Catrina Willett.

4. Plaintiff's state law claims under Alabama Code §§ 14-3-51, 14-11-13 (1975) against ADOC defendants Kim Thomas, Warden Carter Davenport, Deputy Warden Joseph Headley, Deputy Warden Patrice Richie, and Prison Store Supervisor Catrina Willett.

Done this 4th day of August 2014.

_____
L. Scott Coogler
United States District Judge
[160704]